UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MARTIN JONES,<br><br>                    Petitioner,<br><br>     v.<br><br>STEPHEN D. SINCLAIR,<br><br>                    Respondent. | Case No. C12-2036-JLR-BAT<br><br>**REPORT AND RECOMMENDATON** |

*Pro se* petitioner William M. Jones, a state prisoner, seeks 28 U.S.C. § 2254 habeas relief from further incarceration, contending that he should have been released in 2008 based on his earned early-release date. Dkt. 12, at 6. The Court recommends **DISMISSING** the habeas petition without prejudice because respondent has demonstrated, and Mr. Jones has declined to refute, that Mr. Jones has not exhausted his state-court remedies on his sole claim. *See* 28 U.S.C. § 2254(b)(1)(A). Nothing suggests that an evidentiary hearing is warranted. The Court recommends **DENYING** issuance of a certificate of appealability because Mr. Jones cannot show a debatably valid claim of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## DISCUSSION

In his habeas petition, Mr. Jones does not challenge his judgment and sentence from a 1992 criminal bench trial. Dkt. 20, Exh. 1, at 1. Instead, Mr. Jones alleges that the Washington

REPORT AND RECOMMENDATON- 1

1  Department of Corrections has held him past his earned early-release date in 2008.  Dkt. 12, at 6.

2  His sole habeas claim is that he should have been released in 2008 and should now be

3  immediately released.

4  Respondent argues that Mr. Jones has not exhausted state-court remedies on his sole

5  habeas claim because there is no indication that he ever fairly presented his current claim to the

6  Washington Supreme Court.  Dkt. 17, at 2.  A habeas petitioner satisfies the exhaustion

7  requirement only if he fairly presented the claim to the highest state court available.  *Vang v.*

8  *Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  Mr. Jones does not assert that he ever sought to

9  exhaust his state-court remedies on this claim.

10  The Court finds there is no indication in the record or elsewhere that Mr. Jones has ever

11  presented his current habeas claim to any state court, let alone to the Washington Supreme Court.

12  Mr. Jones has therefore not exhausted his state-court remedies on his sole habeas claim and his

13  petition should be dismissed without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).  Nothing and no

14  one suggests that an evidentiary hearing would support a different conclusion.  Mr. Jones is not

15  entitled to issuance of a certificate of appealability because he cannot show a debatably valid

16  claim of the denial of a constitutional right from having his habeas petition dismissed without

17  prejudice for failure to exhaust state-court remedies.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v.*

18  *Cockrell*, 537 U.S. 322, 327 (2003).

## CONCLUSION

20  The Court recommends **DISMISSING** the 28 U.S.C. § 2254 habeas petition without

21  prejudice for failure to exhaust state-court remedies and **DENYING** Mr. Jones issuance of a

22  certificate of appealability.  An evidentiary hearing is unwarranted.

23  Any objections to this Recommendation must be filed and served upon all parties no later

REPORT AND RECOMMENDATON- 2

than **July 5, 2013.**  The Clerk should note the matter for **July 12, 2013**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed five pages.  The failure to timely object may affect the right to appeal.

DATED this 7th day of June, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 3